DOCKET NO. 13-30373
IN UNITED STATES DISTRICT COURT FOR THE
FIFTH CIRCUIT COURT OF APPEAL

KENT RADER,

*Plaintiff-Appellee*

V.

MISTY COWART; PAT BOOK, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS WARDEN OF CATAHOULA CORRECTIONS CENTER;
LIEUTENANT BOOK; LASALLE MANAGEMENT COMPANY, L.L.C.;
JAMES GLEN KELLY, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS SHERIFF OF CATAHOULA PARISH,

*Defendants-Appellants*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
USDC 1:09-cv-01872
JUDGE JAMES T. TRIMBLE, JR. AND MAG. JUDGE JAMES D. KIRK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECORD EXCERPTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Respectfully submitted:

PROVOSTY, SADLER, deLAUNAY
FIORENZA & SOBEL, APC

By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
934 Third Street, Suite 800
P.O. Drawer 1791
Alexandria, LA 71309-1791
P: 318/445-3631 F: 318/445-9377

ATTORNEYS FOR
DEFENDANTS-APPELLANTS
LASALLE MANAGEMENT COMPANY,
L.L.C., WARDEN PAT BOOK, LIEUTENANT
BOOK, SHERIFF JAMES GLEN KELLY
and MISTY COWART

## TABLE OF CONTENTS

1.  CIVIL DOCKET FOR CASE NUMBER 1:09-cv-01872.

2.  NOTICE OF APPEAL OF MARCH 4, 2013. [DOC. NO. 82]

3.  REPORT AND RECOMMENDATION OF JULY 9, 2010. [DOC. NO. 40]

4.  JUDGMENT ON OBJECTION TO THE REPORT AND RECOMMENDATION OF SEPTEMBER 2, 2010. [DOC. NO. 39]

5.  REPORT AND RECOMMENDATION OF DECEMBER 12, 2012. [DOC. NO.71]

6.  DISTRICT COURT JUDGMENT ON MOTION FOR SUMMARY JUDGMENT OF FEBRUARY 1, 2013. [DOC. NO.80]

7.  MOTION TO CERTIFY JUDGMENT FOR APPEAL OF MARCH 1, 2013. [DOC. NO. 81]

8.  ORDER GRANTING MOTION TO CERTIFY JUDGMENT FOR APPEAL OF MARCH 4, 2013. [DOC. NO. 83]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that a copy of the above and foregoing Records Excerpts on behalf of Defendants-Appellants, LaSalle Management Company, L.L.C., Warden Pat Book, Lieutenant Book, Sheriff James Glen Kelly and Misty Cowart, has this day been served upon all counsel of record in this proceeding by electronically filing the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the below listed parties. Further, that a hard copy of said Record Excerpts has been mailed to any party requesting same by depositing a copy via the U.S. Postal Service, postage prepaid and properly addressed.

John Christopher Alexander, Sr.
Alexander Law Firm
P. O. Box 83101
Baton Rouge, Louisiana 70884
P: (225) 761-9456
Attorneys for KENT RADER

Timothy R. Richardson
Usry, Weeks & Matthews
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
P: (504) 592-4600
Attorneys for SHERIFF JAMES GLEN KELLY

Honorable James T. Trimble, Jr.
United States District Judge
Western District of Louisiana
Alexandria Division
515 Murray Street
Alexandria, Louisiana 71301

Honorable James D. Kirk
United States Magistrate Judge
Western District of Louisiana
Alexandria Division
515 Murray Street
Alexandria, Louisiana 71301

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants: None.

/s/ H. Bradford Calvit
H. BRADFORD CALVIT

# TAB 1

APPEAL

## U.S. District Court
### Western District of Louisiana (Alexandria)
### CIVIL DOCKET FOR CASE #: 1:09-cv-01872-JTT-JDK

Rader v. Cowart et al
Assigned to: Judge James T Trimble, Jr
Referred to: Magistrate Judge James D Kirk
Demand: $1000000000
Lead Docket: None
Related Cases: None
Cases in other court: None
Cause: 42:1983 Civil Rights Act

Date Filed: 10/30/2009
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**
------------------------

**Kent Rader**

represented by **John Christopher Alexander, Sr**
Alexander Law Firm
3751 Government St Ste A
Baton Rouge, LA 70806
225-761-9456
Fax: 225-761-7899
Email: jca@jcalaw.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
------------------------

**Misty Cowart**

represented by **H Bradford Calvit**
Provosty Sadler et al (ALEX)
P O Drawer 1791
Alexandria, LA 71309-1791
318-445-3631
Fax: 318-445-9377
Email: bcalvit@provosty.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LA Dept of Public Safety &
Corrections**
*TERMINATED: 9/2/2010*

represented by **Ronald J Fiorenza**
Provosty Sadler et al (ALEX)
P O Drawer 1791
Alexandria, LA 71309-1791
318-445-3631
Fax: 318-445-9377
Email: rfiorenza@provosty.com
*ATTORNEY TO BE NOTICED*

**Ronnie Book,** *ind & in his official*
*capacity as Sheriff of Catahoula Parish*
*TERMINATED: 3/11/2013*

represented by **H Bradford Calvit**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pat Book,** *ind & in his official capacity*
*as Warden of Catahoula Corrections*
*Center*

represented by **H Bradford Calvit**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Police Jury Catahoula Parish**
*TERMINATED: 9/2/2010*

represented by **Brandon Ashley Sues**
Gold Weems et al
P O Box 6118
Alexandria, LA 71307-6118
318-445-6471
Fax: 445-6476
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lottie L Bash**
Gold Weems et al
P O Box 6118
Alexandria, LA 71307-6118
318-445-6471
Fax: 318-445-6476
Email: lbash@goldweems.com
*ATTORNEY TO BE NOTICED*

**Sarah Spruill Couvillon**
Gold Weems et al
P O Box 6118
Alexandria, LA 71307-6118
318-445-6471
Email: scouvillon@goldweems.com
*ATTORNEY TO BE NOTICED*

**LaSalle Management Co L L C**

represented by **H Bradford Calvit**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lieutenant Book**

represented by **H Bradford Calvit**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Glen Kelly,** *individually and in*
*his official capacity as Sheriff of*
*Catahoula Parish*

represented by **Timothy R Richardson**
Usry Weeks & Matthews (NO)
1615 Poydras St Ste 1250
New Orleans, LA 70112
504-592-4600
Fax: 504-592-4641
Email: trichardson@uwmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Freeman R Matthews**
Usry Weeks & Matthews (NO)
1615 Poydras St Ste 1250
New Orleans, LA 70112
504-592-4600
Fax: 504-592-4641
Email: pmatthews@uwmlaw.com
*ATTORNEY TO BE NOTICED*

**H Bradford Calvit**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 10/30/2009 (p.14) | 1 | COMPLAINT against all defendants with Jury Demand filed by Kent Rader. (Attachments: # (1) Civil cover sheet)(aty,Alexander, John) (Entered: 10/30/2009) |
| 11/4/2009 | | FILING FEE RECEIVED: on behalf of Kent Rader in the amount of $350.00, receipt number 14635000818 (crt,Harrison, U) (Entered: 11/4/2009) |
| 11/4/2009 | | CASE assigned to Judge Dee D Drell and Magistrate Judge James D Kirk. (crt,Dean, S) (Entered: 11/4/2009) |
| 11/4/2009 (p.32) | 2 | SUMMONS ISSUED as to *Misty Cowart (Defendant)+ LA Dept of Public Safety & Corrections (Defendant)+ Ronnie Book (Defendant)+ Pat Book (Defendant)+ Police Jury Catahoula Parish (Defendant)+ LaSalle Management Co L L C (Defendant)+ Book (Defendant)* with answer to complaint due within time required by law. Requesting person *John Christopher Alexander, Sr * *Alexander Law Firm* *P O Box 83101* *Baton Rouge, LA 70884* (crt,Dean, S) (Entered: 11/4/2009) |
| 11/5/2009 (p.53) | 3 | CIVIL CASE MANAGEMENT ORDER NO 1 for cases assigned to Judge Dee D Drell sent to counsel of record. Plan of work due 1/28/10.(crt,Leleux, M) (Entered: 11/5/2009) |
| 11/13/2009 (p.58) | 4 | WAIVER OF SERVICE Returned Executed by Kent Rader. Police Jury Catahoula Parish waiver sent on 11/2/2009, answer due 1/4/2010. (Attachments: # (1) Envelope Cover Letter to Waiver of Service of Summons)(aty,Alexander, John) (Entered: 11/13/2009) |
| 11/20/2009 (p.60) | 5 | MOTION to Substitute Party *and Add New Party* by Kent Rader. (Attachments: # (1) Memorandum / Brief, # (2) Text of Proposed Order)(aty,Alexander, John) Modified on 11/22/2009 to reflect deficient status edit text (Reasor, M). Modified on 11/30/2009 to remove deficient status; see doc [8] (Reasor, M). (Entered: 11/20/2009) |
| 11/20/2009 (p.70) | 6 | ORDER REASSIGNING CASE. Case reassigned to Judge James T Trimble, Jr. Judge Dee D Drell no longer assigned to case.Signed by Judge Dee D Drell on 11/19/2009. (crt,Reasor, M) (Entered: 11/22/2009) |

| 11/20/2009 | | Motions Transferred regarding [5] Ex Parte MOTION to Substitute Party *and Add New Party*. Motions referred to James D Kirk. (crt,Reasor, M) (Entered: 11/30/2009) |
|---|---|---|
| 11/22/2009 (p.71) | 7 | NOTICE of Deficiency to John Christopher Alexander on behalf of Kent Rader regarding [5] Ex Parte MOTION to Substitute Party *and Add New Party*. Reason: You do not indicate within pleading whether opposing counsel consent to the granting of this exparte motion. (crt,Reasor, M) (Entered: 11/22/2009) |
| 11/25/2009 (p.72) | 8 | CORRECTIVE DOCUMENT entitled Corrective Document re: Motion to Add Party [Rec. Doc. 5] filed by Kent Rader regarding [5] Ex Parte MOTION to Substitute Party *and Add New Party*, [7] Notice of Deficiency,. (aty,Alexander, John) (Entered: 11/25/2009) |
| 11/30/2009 | 9 | ORDER granting [5] Motion to Add a party defendant. Plaintiff's counsel is reminded to comply with the local rules regarding caption of pleadings which require the name of the presiding district judge and the magistrate judge to whom the case is assigned. It is not necessary to state whether a jury trial has been requested. (jud,Kirk, James) (Entered: 11/30/2009) |
| 12/16/2009 (p.75) | 10 | ANSWER to [1] Complaint by LA Dept of Public Safety & Corrections.(aty,Fiorenza, Ronald) (Entered: 12/16/2009) |
| 12/20/2009 | 11 | FILED IN ERROR SUMMONS ISSUED as to James Glen Kelly (crt,Burge, J) Modified on 12/21/2009 to indicate filed in error; see doc [14](Reasor, M). (Entered: 12/20/2009) |
| 12/20/2009 | | NOTICE of Corrective Action regarding [11] Summons Issued - All. Action taken: Modified entry to indicate filed in error; see doc [14]. (crt,Reasor, M) (Entered: 12/21/2009) |
| 12/21/2009 (p.77) | 12 | ANSWER to [1] Complaint by Police Jury Catahoula Parish.(aty,Couvillon, Sarah) (Entered: 12/21/2009) |
| 12/21/2009 (p.95) | 13 | CORPORATE DISCLOSURE STATEMENT by Police Jury Catahoula Parish. (aty,Couvillon, Sarah) (Entered: 12/21/2009) |
| 12/21/2009 (p.97) | 14 | SUMMONS REISSUED as to James Glen Kelly. (crt,Reasor, M) (Entered: 12/21/2009) |
| 12/21/2009 (p.99) | 15 | CORPORATE DISCLOSURE STATEMENT by LA Dept of Public Safety & Corrections. (aty,Fiorenza, Ronald) (Entered: 12/21/2009) |
| 1/7/2010 (p.101) | 16 | ANSWER to [1] Complaint by Book, Pat Book, Ronnie Book, Misty Cowart, LaSalle Management Co L L C.(aty,Calvit, H) (Entered: 1/7/2010) |
| 1/22/2010 (p.117) | 17 | ORDER - Scheduling Conference set for 2/18/2010 at 1:30 PM by phone before Magistrate Judge James D Kirk. Plaintiff's counsel instructed to initiate conference call. Attachments include Pretrial Statement, Standing Order Governing Pretrial Procedure and Consent to Proceed Before Magistrate Judge. Signed by Magistrate Judge James D Kirk on 01/22/10. (crt,Burge, J) (Entered: 1/22/2010) |

| 2/10/2010 | | RECEIVED RULE 73(b) FORM by Police Jury Catahoula Parish. (crt,Reasor, M) (Entered: 2/10/2010) |
|---|---|---|
| 2/11/2010 | | RECEIVED RULE 73(b) FORM by Book, Pat Book, Ronnie Book, Misty Cowart, LaSalle Management Co L L C. (crt,Alexander, E) (Entered: 2/11/2010) |
| 2/16/2010 (p.127) | 18 | MOTION to Dismiss Complaint by Book, Pat Book, Ronnie Book, Misty Cowart, LaSalle Management Co L L C. (Attachments: # (1) Memorandum in Support of Motion to Dismiss, # (2) Proposed Judgment)(aty,Calvit, H) (Entered: 2/16/2010) |
| 2/16/2010 | | DUPLICATE RECEIVED RULE 73(b) FORM by Pat Book, Ronnie Book, Misty Cowart, LaSalle Management Co L L C. (crt,Reasor, M) Modified on 2/16/2010 to indicate pleading as duplicate (Reasor, M). (Entered: 2/16/2010) |
| 2/16/2010 (p.139) | 19 | NOTICE of Motion Setting without oral argument regarding [18] MOTION to Dismiss Complaint. Motion day set for 4/14/2010 before Judge James T Trimble Jr. (crt,Reasor, M) (Entered: 2/16/2010) |
| 2/16/2010 (p.140) | 20 | MOTION for Summary Judgment by Police Jury Catahoula Parish. (Attachments: # (1) Memorandum / Brief, # (2) Statement of material facts, # (3) Affidavit, # (4) Exhibits, # (5) Text of proposed order)(aty,Couvillon, Sarah) (Entered: 2/16/2010) |
| 2/17/2010 (p.157) | 21 | NOTICE of Motion Setting without oral argument regarding [20] MOTION for Summary Judgment. Motion day set for 4/14/2010 before Judge James T Trimble Jr. (crt,Reasor, M) (Entered: 2/17/2010) |
| 2/17/2010 | | RECEIVED RULE 73(b) FORM by LA Dept of Public Safety & Corrections. (crt,Reasor, M) (Entered: 2/17/2010) |
| 2/18/2010 | 22 | MINUTES for proceedings held before Magistrate Judge James D Kirk: TELEPHONE SCHEDULING CONFERENCE held on 2/18/2010. (crt,Burge, J) (Entered: 2/18/2010) |
| 2/19/2010 (p.158) | 23 | TRIAL FIXING ORDER: Jury Trial set for 3/7/2011 09:30 AM as a second setting in Alexandria, 2nd floor before Judge James T Trimble Jr. Signed by Magistrate Judge James D Kirk on 02/19/10. (crt,Harrison, U) (Entered: 2/19/2010) |
| 2/23/2010 (p.159) | 24 | MOTION to Dismiss For Lack of Subject Matter Jurisdiction by LA Dept of Public Safety & Corrections. (Attachments: # (1) Memorandum/ Brief) (aty,Fiorenza, Ronald) Modified on 2/23/2010 to edit text (Reasor, M). (Entered: 2/23/2010) |
| 2/23/2010 (p.167) | 25 | NOTICE of Motion Setting without oral argument regarding [24] MOTION to Dismiss For Lack of Subject Matter Jurisdiction. Motion day set for 4/14/2010 before Judge James T Trimble Jr. (crt,Reasor, M) (Entered: 2/23/2010) |
| 3/3/2010 (p.168) | 26 | MEMORANDUM in Opposition re [18] MOTION to Dismiss Complaint filed by Kent Rader. (aty,Alexander, John) (Entered: 3/3/2010) |
| 3/3/2010 (p.179) | 27 | MEMORANDUM in Opposition re [20] MOTION for Summary Judgment filed by Kent Rader. (Attachments: # (1) Statement of material facts)(aty,Alexander, John) |

| | | (Entered: 3/3/2010) |
|---|---|---|
| 3/9/2010 (p.186) | 28 | REPLY to Response to Motion re [20] MOTION for Summary Judgment filed by Police Jury Catahoula Parish. (Attachments: # (1) Exhibit A)(aty,Couvillon, Sarah) Modified on 3/9/2010 to edit text (Reasor, M). (Entered: 3/9/2010) |
| 3/12/2010 (p.206) | 29 | MOTION FOR EXTENSION of Time to File Reply to Plaintiff's Memorandum in Opposition to Motion to Dismiss with consent by Book, Pat Book, Ronnie Book, Misty Cowart, LaSalle Management Co L L C. Motions referred to James D Kirk. (Attachments: #(1) Proposed Order)(aty,Calvit, H) (Entered: 3/12/2010) |
| 3/12/2010 | | Motions Transferred regarding [29] MOTION FOR EXTENSION of Time to File Reply to Plaintiff's Memorandum in Opposition to Motion to Dismiss with consent. Motions referred to James T Trimble, Jr. (crt,Keifer, K) (Entered: 3/12/2010) |
| 3/15/2010 (p.210) | 30 | ORDER granting [29] Motion to Extend. Defendants are granted 2 days within which to file a Reply to the Memorandum in Opposition to Motion to Dismiss, said Reply to be filed on or before March 17, 2010. Signed by Judge James T Trimble, Jr on 03/15/10. (crt,Harrison, U) (Entered: 3/15/2010) |
| 3/17/2010 (p.211) | 31 | REPLY to Response to Motion re [18] MOTION to Dismiss Complaint filed by Book, Pat Book, Ronnie Book, Misty Cowart, LaSalle Management Co L L C. (aty,Calvit, H) (Entered: 3/17/2010) |
| 4/12/2010 (p.219) | 32 | ORDER REFERRING MOTIONS: [18] MOTION to Dismiss, [24] MOTION to Dismiss, [20] MOTION for Summary Judgment are all referred to Magistrate Judge James D. Kirk for report and recommendation. Signed by Judge James T Trimble, Jr on 04/12/10. (crt,Harrison, U) (Entered: 4/12/2010) |
| 7/9/2010 (p.220) | 33 | FILED IN ERROR - INCOMPLETE PDF ATTACHED (PAGE 2 OMITTED) - REPORT AND RECOMMENDATIONS re [18] MOTION to Dismiss Complaint filed by Ronnie Book, Misty Cowart, Book, LaSalle Management Co L L C, Pat Book, [24] MOTION to Dismiss For Lack of Subject Matter Jurisdiction filed by LA Dept of Public Safety & Corrections, [20] MOTION for Summary Judgment filed by Police Jury Catahoula Parish RECOMMENDING that the motion [18] be DENIED, motion [24] be DISMISSED WITH PREJUDICE and motion [20] be DENIED.Objections to R&R due by 7/26/2010. A party may respond to another party's objections within 14 days after being served with a copy thereof. Signed by Magistrate Judge James D Kirk on 07/09/10. (crt,Burge, J) Modified on 9/15/2010 to reflect page 2 omitted from R&R (Burge, J). (Entered: 7/9/2010) |
| 7/9/2010 (p.232) | 40 | NOTICE of CORRECTIVE ACTION regarding [33] REPORT AND RECOMMENDATIONS re [18] MOTION to Dismiss Complaint, [20] MOTION for Summary Judgment, [24] MOTION to Dismiss For Lack of Subject Matter Jurisdiction. Action taken: Edited text to reflect FILED IN ERROR -INCOMPLETE PDF ATTACHED (PAGE 2 OMITTED), COMPLETE PDF ATTACHED HERETO. (crt,Burge, J) (Entered: 9/15/2010) |
| 7/22/2010 (p.245) | 34 | OBJECTION to [33] Report and Recommendations by Police Jury Catahoula Parish. (Attachments: # (1) Exhibits A)(aty,Bash, Lottie) Modified on 7/22/2010 to edit text (Reasor, M). Modified on 7/22/2010 to remove deficient status; see doc |

| | | [36] (Reasor, M). (Entered: 7/22/2010) |
|---|---|---|
| 7/22/2010 (p.255) | 35 | NOTICE of Deficiency to Lottie L Bash on behalf of Police Jury Catahoula Parish regarding [34] Objection to Report and Recommendations. Reason: This document is not accompanied by a certificate of service. (crt,Reasor, M) (Entered: 7/22/2010) |
| 7/22/2010 (p.256) | 36 | CORRECTIVE DOCUMENT entitled Certificate of Service filed by Police Jury Catahoula Parish regarding [35] Notice of Deficiency, [34] Objection to Report and Recommendations. (aty,Bash, Lottie) (Entered: 7/22/2010) |
| 7/23/2010 (p.257) | 37 | OBJECTION to [33] Report and Recommendations by Book, Pat Book, Ronnie Book, Misty Cowart, LaSalle Management Co L L C. (Attachments: # (1) Table of Contents, # (2) Table of Authorities)(aty,Calvit, H) (Entered: 7/23/2010) |
| 8/11/2010 (p.274) | 38 | LETTER dated 08/09/10 from Gold Weems Bruser Sues & Rundell to Judge James T. Trimble Jr. regarding objections/responses to objections re: Report and Recommendation [33] (crt,Burge, J) (Entered: 8/11/2010) |
| 9/2/2010 (p.276) | 39 | JUDGMENT ADOPTING the [33] Report and Recommendations of the magistrate judge. ORDERED the [18] Motion to Dismiss filed by Ronnie Book, Misty Cowart, Book, LaSalle Management Co LLC and Pat Book is DENIED; ORDERED the [24] Motion to Dismiss filed byLA Dept of Public Safety & Corrections is GRANTED and all claims against LADPSC are DISMISSED without prejudice for lack of subject matter jurisdiction; ORDERED the [20] Motion for Summary Judgment filed by Police Jury Catahoula Parish is GRANTED and all claims are DISMISSED with prejudice. Signed by Judge James T Trimble, Jr on 09/02/2010. (crt,Leleux, M) (Entered: 9/2/2010) |
| 10/12/2010 (p.281) | 41 | Joint MOTION to Continue Trial with consent by Book, Pat Book, Ronnie Book, Misty Cowart, LaSalle Management Co L L C, Kent Rader. Motions referred to James D Kirk. (Attachments: # (1) Proposed Order)(aty,Calvit, H) Modified text on 10/12/2010. (Alexander, E) (Entered: 10/12/2010) |
| 10/13/2010 (p.285) | 42 | ORDER granting [41] Motion to Continue Trial Date. The trial scheduled for March 7, 2011 is continued and removed from the trial calendar and referred to Magistrate Judge Kirk for a scheduling conference. Signed by Judge James T Trimble, Jr on 10/13/10. (crt,Mitchell, Pam) Modified text on 10/15/2010 to indicate Kirk instead of Kay (Mitchell, Pam). (Entered: 10/15/2010) |
| 10/15/2010 | | NOTICE of Corrective Action regarding [42] Order on Motion to Continue. Action taken modified text to reflect scheduling conference before Magistrate Judge Kirk instead of Magistrate Judge Kay. (crt,Mitchell, Pam) (Entered: 10/15/2010) |
| 11/4/2010 (p.286) | 43 | MINUTE ENTRY: Scheduling Conference set for 12/7/2010 at 1:45 PM by phone before Magistrate Judge James D Kirk. Plaintiff's counsel instructed to initiate conference call. The Court's Pretrial Statement and Standing Order attached. Signed by Magistrate Judge James D Kirk on 11/4/10. (crt,Burge, J) (Entered: 11/4/2010) |
| 12/7/2010 | | MINUTES for proceedings held before Magistrate Judge James D Kirk: TELEPHONE SCHEDULING CONFERENCE held on 12/7/2010. (crt,Burge, J) |

| | | |
|---|---|---|
| | | (Entered: 12/17/2010) |
| 1/14/2011 (p.295) | 44 | (STRICKEN) DEFICIENT ANSWER to [1] Complaint by Ronnie Book.(aty,Richardson, Timothy) Modified on 1/18/2011 to reflect submission is deficient. (Alexander, E) Modified to reflect pleading Stricken on 2/18/2011. See [48] Order to Strike. (Alexander,E) (Entered: 1/14/2011) |
| 1/18/2011 (p.309) | 45 | NOTICE of Deficiency to Timothy R Richardson on behalf of Ronnie Book regarding [44] DEFICIENT ? Answer to Complaint. Reason: 1) This party is already represented by other counsel. (crt,Alexander, E) (Entered: 1/18/2011) |
| 1/21/2011 | | REQUEST FOR ISSUANCE OF SUMMONS as to James Glen Kelly, requested by Kent Rader. (aty,Alexander, John) (Entered: 1/21/2011) |
| 1/21/2011 (p.310) | 46 | SUMMONS REISSUED as to James Glen Kelly (crt,Reasor, M) (Entered: 1/21/2011) |
| 1/26/2011 (p.313) | 47 | ANSWER to [1] Complaint by James Glen Kelly.(aty,Richardson, Timothy) (Entered: 1/26/2011) |
| 2/18/2011 (p.327) | 48 | ORDER TO STRIKE [44] DEFICIENT Answer to Complaint. Signed by Magistrate Judge James D Kirk on 2/18/2011. (crt,Alexander, E) (Entered: 2/18/2011) |
| 6/29/2011 (p.328) | 49 | SCHEDULING CONFERENCE ORDER. Scheduling Conference set for 8/2/2011 02:15 PM in by phone before Magistrate Judge James D Kirk. Counsel for plaintiff is responsible for initiating a conference call at that time to include all counsel of record ATTORNEYS ONLY (and the office of Magistrate Judge Kirk at 318-473-7510). (crt,Roaix, G) (Entered: 6/29/2011) |
| 7/13/2011 | | RECEIVED RULE 73(b) FORM by Book, Pat Book, Ronnie Book, Misty Cowart, LaSalle Management Co L L C. (crt,Alexander, E) (Entered: 7/13/2011) |
| 7/20/2011 | | RECEIVED RULE 73(b) FORM by Kent Rader. (crt,Alexander, E) (Entered: 7/21/2011) |
| 8/2/2011 (p.338) | 50 | MINUTES for proceedings held before Magistrate Judge James D Kirk: Scheduling Conference held on 8/2/2011. Three day Jury Trial set for 4/2/2012 09:30 AM in Alexandria 2nd floor before Judge James T Trimble Jr as a SECOND SETTING (crt,Leleux, M) (Entered: 8/3/2011) |
| 12/21/2011 | 51 | ELECTRONIC MINUTE ENTRY: The parties are given 60 days from today within which to conclude discovery and are to immediately advise the court if the status of the case significantly changes (e.g. difficulty finding deponents, nature of the case, needfor a stay because of a medical review panel etc. if extra time for expert reports or dispositive motions is needed, the parties shall advise the court prior to the expiration of the 60 day discovery period. (jud,Kirk, James) (Entered: 12/21/2011) |
| 2/20/2012 (p.339) | 52 | Unopposed MOTION FOR EXTENSION of Scheduling Order Deadlines and to Revise Scheduling Order with consent by Kent Rader. Motions referred to James D |

| | | |
|---|---|---|
| | | Kirk. (Attachments: # (1) Exhibit A - Deposition of Dr. Couvillion, # (2) Exhibit B -Email exchange between counsel, # (3) Exhibit C - Defendants' list of treating doctors, # (4) Exhibit D - Rule 7.9 Certificate, # (5) Text of proposed order)(aty,Alexander, John) Modified text to remove duplicate wording on 2/21/2012 (Yocum, M). (Entered: 2/20/2012) |
| 2/22/2012 | 53 | ELECTRONIC ORDER granting in part and denying in part [52] Motion for Extension. The trial date is CANCELLED and all pretrial dates are hereby UPSET for a period of 45 days for the singular purpose of locating Dr. Ratanasit and determining whether or not a medical review panel should be requested. During that time period the parties shall also complete all other depositions mentioned in this motion. The parties SHALL advise the court as soon as possible but in any event no later than 45 days as to the status of the case as to Dr. Ratanasit. (jud,Kirk, James) (Entered: 2/22/2012) |
| 4/20/2012 | 54 | SEALED MOTION *MOTION FOR SUMMARY JUDGMENT* by Book, Pat Book, Ronnie Book, Misty Cowart, James Glen Kelly, LaSalle Management Co L L C. Motions referred to James D Kirk. (Attachments: # (1) Table of Contents, # (2) Table of Authorities, #(3) Appendix, # (4) Memorandum In Support, # (5) Statement of Uncontested Facts, # (6) Exhibit 1 - Deposition of Kent Rader, # (7) Exhibit 2 - Huey P. Long Medical Center Records, # (8) Exhibit 3 - LSUS Medical Center Records, # (9) Exhibit 4 - Deposition of Dr. John Couvillion, # (10) Exhibit 5 - CCC Sick Call Request Form)(aty,Calvit, H) (Entered: 4/20/2012) |
| 4/20/2012 (p.410) | 55 | MOTION to Seal Document [54] SEALED MOTION *MOTION FOR SUMMARY JUDGMENT* by Book, Pat Book, Ronnie Book, Misty Cowart, James Glen Kelly, LaSalle Management Co L L C. (Attachments: # (1) Proposed Order)(aty,Calvit, H) (Entered: 4/20/2012) |
| 4/20/2012 (p.414) | 56 | NOTICE of Motion Setting without oral argument regarding [54] SEALED *MOTION FOR SUMMARY JUDGMENT*. Motions referred to James T Trimble, Jr. Motion day set for 6/13/2012 before Judge James T Trimble Jr. (crt,Yocum, M) (Entered: 4/20/2012) |
| 4/23/2012 (p.415) | 57 | ORDER granting [55] Motion to Seal Document [54] SEALED *MOTION FOR SUMMARY JUDGMENT*. Signed by Judge James T Trimble, Jr on 4/23/2012. (crt,Dauterive, C) (Entered: 4/23/2012) |
| 5/11/2012 | 58 | SEALED MEMORANDUM in Opposition re [54] SEALED MOTION *MOTION FOR SUMMARY JUDGMENT* filed by Kent Rader. (Attachments: # (1) Exhibit A - Deposition of Cpl Eric G. Stott, # (2) Exhibit B - Deposition of LPN Misty Cowart, # (3) Exhibit C - Deposition of Dr. John T. Couvillion, # (4) Exhibit D - Article on POHS, # (5) Exhibit E - ARP Filed by Kent Rader, # (6) Statement of material facts, # (7) Table of Authorities, # (8) Table of Contents)(aty,Alexander, John) Modified on 5/14/2012 to edit text. (Putch, A) Modified on 5/15/2012 to reflect pleading as sealed; see [60] Order. (Putch, A) (Entered: 5/11/2012) |
| 5/11/2012 (p.416) | 59 | Ex Parte MOTION to Seal Document *58* by Kent Rader. (Attachments: # (1) Proposed Order on Motion to Seal)(aty,Alexander, John) Modified on 5/14/2012 to edit text. (Putch, A) (Entered: 5/11/2012) |

| | | |
|---|---|---|
| 5/15/2012 (p.420) | 60 | ORDER granting [59] Motion to Seal Document regarding [58] Memorandum in Opposition to Motion. IT IS HEREBY ORDERED that the Plaintiff's Memorandum in Opposition to the Defendants' Motion for Summary Judgment, together with any and all attachments and exhibits unto the said Memorandum of the Plaintiff, shall be and it is hereby SEALED. Signed by Judge James T Trimble, Jr on 5/15/2012. (crt,Putch, A) (Entered: 5/15/2012) |
| 5/18/2012 | 61 | REPLY to Response to Motion re [54] SEALED MOTION *MOTION FOR SUMMARY JUDGMENT* filed by Book, Pat Book, Ronnie Book, Misty Cowart, James Glen Kelly, LaSalle Management Co L L C. (aty,Calvit, H) (Entered: 5/18/2012) |
| 5/18/2012 (p.421) | 62 | MOTION to Seal Document [61] Reply to Response to Motion *For Summary Judgment* by Book, Pat Book, Ronnie Book, Misty Cowart, James Glen Kelly, LaSalle Management Co L L C. (Attachments: # (1) Proposed Order)(aty,Calvit, H) (Entered: 5/18/2012) |
| 5/21/2012 (p.425) | 63 | ORDER granting [62] Motion to Seal Document [61] Reply to Response to Motion. Signed by Judge James T Trimble, Jr on 5/21/2012. (crt,Dauterive, C) (Entered: 5/21/2012) |
| 5/22/2012 | 64 | MOTION to Strike [58] Memorandum in Opposition to Motion,, by Book, Pat Book, Ronnie Book, Misty Cowart, James Glen Kelly, LaSalle Management Co L L C. (Attachments: # (1) Memorandum In Support, # (2) Proposed Order, # (3) Exhibit 1 - Rule 26 Disclosures, # (4) Exhibit 2 - Discovery Requests, # (5) Exhibit 3 - Discovery Responses, # (6) Exhibit E - Request for ARP)(aty,Calvit, H) (Entered: 5/22/2012) |
| 5/22/2012 (p.426) | 65 | MOTION to Seal Document [64] MOTION to Strike [58] Memorandum in Opposition to Motion,, by Book, Pat Book, Ronnie Book, Misty Cowart, James Glen Kelly, LaSalle Management Co L L C. (Attachments: # (1) Proposed Order)(aty,Calvit, H) (Entered: 5/22/2012) |
| 5/23/2012 (p.430) | 66 | ORDER granting [65] Motion to Seal Document [64] MOTION to Strike [58] Memorandum in Opposition to Motion. Signed by Judge James T Trimble, Jr on 5/23/2012. (crt,Dauterive, C) (Entered: 5/23/2012) |
| 5/23/2012 (p.431) | 67 | NOTICE of Motion Setting without oral argument regarding [64] MOTION to Strike [58] Memorandum in Opposition to Motion. Motions referred to James T Trimble, Jr. Motion day set for 7/11/2012 before Judge James T Trimble Jr. (crt,Dauterive, C) (Entered: 5/23/2012) |
| 6/12/2012 (p.432) | 68 | MEMORANDUM in Opposition re [64] MOTION to Strike [58] Memorandum in Opposition to Motion,, filed by Kent Rader. (Attachments: # (1) Exhibit A - Affidavit of Kent Rader)(aty,Alexander, John) (Entered: 6/12/2012) |
| 6/21/2012 (p.445) | 69 | REPLY to Response to Motion re [64] MOTION to Strike [58] Memorandum in Opposition to Motion, filed by Book, Pat Book, Ronnie Book, James Glen Kelly, LaSalle Management Co L L C. (aty,Calvit, H) Modified on 6/21/2012 to correctly identify document (Dauterive, C). (Entered: 6/21/2012) |

| | | |
|---|---|---|
| 6/21/2012 | | NOTICE of Corrective Action to H Bradford Calvit on behalf of Book, Pat Book, Ronnie Book, James Glen Kelly, LaSalle Management Co L L C regarding document incorrectly filed as [69] Memorandum in Opposition to Motion. Action taken: Modified docket entry to correctly identify as [69] Reply to Response to Motion. (crt,Dauterive, C) (Entered: 6/21/2012) |
| 7/11/2012 (p.451) | 70 | ORDER REFERRING MOTION: [54] SEALED MOTION *MOTION FOR SUMMARY JUDGMENT* filed by Ronnie Book, Misty Cowart, Book, LaSalle Management Co L L C, James Glen Kelly, Pat Book referred to magistrate judge for report and recommendation; [64] MOTION to Strike [58] Memorandum in Opposition to Motion filed by Ronnie Book, Misty Cowart, Book, LaSalle Management Co L L C, James Glen Kelly and Pat Book referred to magistrate judge for disposition. Motions referredto James D Kirk. Signed by Judge James T Trimble, Jr on 7/11/2012. (crt,Dauterive, C) (Entered: 7/12/2012) |
| 12/12/2012 (p.452) | 71 | REPORT AND RECOMMENDATIONS re [54] SEALED MOTION *MOTION FOR SUMMARY JUDGMENT* filed by Ronnie Book, Misty Cowart, Book, LaSalle Management Co L L C, James Glen Kelly, Pat Book RECOMMENDING that the motion be DENIED. Objections to R&R due by 12/31/2012. Signed by Magistrate Judge James D Kirk on 12/11/12. (crt,Burge, J) (Entered: 12/12/2012) |
| 12/14/2012 (p.457) | 72 | ORDER denying [64] Motion to Strike. Signed by Magistrate Judge James D Kirk on 12/14/12. (crt,Yocum, M) (Entered: 12/17/2012) |
| 12/26/2012 (p.458) | 73 | OBJECTION to [71] Report and Recommendations by Book, Pat Book, Ronnie Book, Misty Cowart, James Glen Kelly, LaSalle Management Co L L C. Response to Objection to R&R due by 1/9/2013 (Attachments: # (1) Table of Contents, # (2) Table of Authorities)(aty,Calvit, H) (Entered: 12/26/2012) |
| 1/2/2013 (p.485) | 74 | APPEAL OF MAGISTRATE JUDGE DECISION to District Judge re [72] Order on Motion to Strike by Book, Pat Book, Ronnie Book, Misty Cowart, James Glen Kelly, LaSalle Management Co L L C. (Attachments: # (1) Table of Contents, # (2) Table of Authorities, # (3) Memorandum in Support)(aty,Calvit, H) (Entered: 1/2/2013) |
| 1/3/2013 (p.503) | 75 | NOTICE of Motion Setting without oral argument regarding [74] APPEAL OF MAGISTRATE JUDGE DECISION to District Judge re [72] Order on Motion to Strike. Motion day set for 2/13/2013 before Judge James T Trimble Jr. (crt,Putch, A) (Entered: 1/3/2013) |
| 1/9/2013 (p.504) | 76 | REPLY to Response to Motion re [74] APPEAL OF MAGISTRATE JUDGE DECISION to District Judge re [72] Order on Motion to Strike filed by Kent Rader. (aty,Alexander, John) (Entered: 1/9/2013) |
| 1/16/2013 (p.515) | 77 | RESPONSE TO OBJECTION to [71] Report and Recommendation by Kent Rader . (aty,Alexander, John) Modified on 1/17/2013 to edit text (Dauterive, C). (Entered: 1/16/2013) |
| 1/23/2013 (p.521) | 78 | REPLY to Response to Motion re [74] APPEAL OF MAGISTRATE JUDGE DECISION to District Judge re [72] Order on Motion to Strike filed by Book, Pat Book, Ronnie Book, Misty Cowart, James Glen Kelly, LaSalle Management Co L |

| | | |
|---|---|---|
| | | L C. (aty,Calvit, H) (Entered: 1/23/2013) |
| 1/30/2013 (p.530) | 79 | REPLY to Response to Objection re [71] REPORT AND RECOMMENDATIONS re [54] SEALED MOTION *MOTION FOR SUMMARY JUDGMENT* filed by Book, Pat Book, Ronnie Book, Misty Cowart, James Glen Kelly, LaSalle Management Co L L C. (aty,Calvit, H) Modified on 2/1/2013 to edit text (Dauterive, C). (Entered: 1/30/2013) |
| 2/1/2013 (p.534) | 80 | JUDGMENT adopting Report and Recommendations re [71] Report and Recommendations, denying [54] Sealed Motion for Summary Judgment. Signed by Judge James T Trimble, Jr on 2/1/13. (crt,Roaix, G) (Entered: 2/1/2013) |
| 3/1/2013 (p.535) | 81 | MOTION for Certificate of Appealability *of Judgment* by Book, Pat Book, Ronnie Book, Misty Cowart, James Glen Kelly, LaSalle Management Co L L C. (Attachments: # (1) Memorandum In Support, # (2) Proposed Order)(aty,Calvit, H) (Entered: 3/1/2013) |
| 3/4/2013 (p.546) | 82 | NOTICE OF APPEAL as to [80] Judgment Adopting Report and Recommendations, Order on Sealed Motion, Order on Report and Recommendations by Book, Pat Book, Ronnie Book, Misty Cowart, James Glen Kelly, LaSalle Management Co L L C. (Filing fee $455, receipt number 0536-2181117) Appeal Record due by 3/19/2013. (Attachments: # (1) Exhibit a)(aty,Calvit, H) (Entered: 3/4/2013) |
| 3/4/2013 (p.559) | 83 | ORDER denying [74] Appeal of Magistrate Judge Decision re [72] Order on Motion to Strike; granting [81] Motion for Certificate of Appealability. Signed by Judge James T Trimble, Jr on 3/4/2013. (crt,Dauterive, C) (Entered: 3/4/2013) |
| 3/6/2013 (p.561) | 84 | Unopposed JOINT/VOLUNTARY MOTION to Dismiss *Former Sheriff Ronnie Book* by Kent Rader. (Attachments: # (1) Proposed Order)(aty,Alexander, John) Modified on 3/7/2013 to edit text (Dauterive, C). (Entered: 3/6/2013) |
| 3/11/2013 (p.564) | 85 | JUDGMENT OF DISMISSAL granting [84] Joint/Voluntary Motion to Dismiss former Sheriff Ronnie Book. Signed by Judge James T Trimble, Jr on 3/11/2013. (crt,Dauterive, C) (Entered: 3/11/2013) |
| 3/21/2013 | | USCA Case Number 13-30229 for [82] Notice of Appeal, filed by Ronnie Book, Misty Cowart, Book, LaSalle Management Co L L C, James Glen Kelly, Pat Book. (crt,Lundy, N) (Entered: 3/21/2013) |
| 4/15/2013 (p.565) | 86 | ORDER of USCA the petition for leave to file a NOTICE OF INTERLOCUTORY APPEAL by Ronnie Book, Misty Cowart, Book, LaSalle Management Co L L C, James Glen Kelly, Pat Book of the the U S District Court, Alexandria entered on 3/4/13 is GRANTED. (crt,Lundy, N) ADMINISTRATIVE ENTRY: This order of USCA is considered the Notice of Interlocutory Appeal. FEE STATUS: NOT PAID. (Entered: 4/16/2013) |
| 4/17/2013 | | USCA Appeal Fees received $ 455 receipt number 14635001532 re [86] Order of USCA re Notice of Interlocutory Appeal, filed by Ronnie Book, Misty Cowart, Book, LaSalle Management Co L L C, James Glen Kelly, Pat Book. (crt,Guillot, M) Modified on 4/17/2013 to correct document linkage. (Lundy, N). (Entered: |

| | | 4/17/2013) |
|---|---|---|
| 4/17/2013 | | USCA Case Number 13-30373 for [86] Order of USCA re Notice of Interlocutory Appeal, filed by Ronnie Book, Misty Cowart, Book, LaSalle Management Co L L C, James Glen Kelly, Pat Book. (crt,Lundy, N) (Entered: 4/17/2013) |
| 4/17/2013 (p.566) | 87 | ORDER (DUPLICATES) and MEMORANDUM to Counsel and Parties re [86] ORDER of USCA. (crt,Lundy, N) (Entered: 4/25/2013) |
| 5/2/2013 (p.570) | 88 | ELECTRONICALLY CERTIFIED Record on Appeal to US Court of Appeals re [82] Notice of Appeal and [86] Order re Notice of Interlocutory Appeal consisting of 2 Volumes of Electronic Records, 1 Envelope containing sealed documents numbered 54, 58, 61, 64. Physical record held in Shreveport District Clerk's office. (crt,Lundy, N) (Entered: 5/2/2013) |

TAB 2

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

KENT RADER                              CIVIL ACTION NO: 1:09-CV-01872

VERSUS                                  JUDGE JAMES T. TRIMBLE, JR.

L.P.N. MISTY COWART, ET AL.             MAG. JUDGE JAMES D. KIRK

### NOTICE OF APPEAL

**Notice is hereby given that** Defendants, LaSalle Management Company, L.L.C., Warden Pat Book, Lieutenant Book, Former Sheriff Ronnie Book, Misty Cowart, and Sheriff James Glen Kelly, in the above captioned case hereby appeal to the United States Court of Appeals for the Fifth Circuit from the Judgment of February 1, 2013, which denied the Motion for Summary Judgment filed on behalf of Defendants, LaSalle Management Company, L.L.C., Warden Pat Book, Lieutenant Book, Former Sheriff Ronnie Book, Misty Cowart, and Sheriff James Glen Kelly. Defendants, LaSalle Management Company, L.L.C., Warden Pat Book, Lieutenant Book, Former Sheriff Ronnie Book, Misty Cowart, and Sheriff James Glen Kelly, file this Notice of Appeal, both as an appeal of right, pursuant to Rule 4 of the Federal Rules of Appellate Procedure, and/or as an interlocutory appeal, pursuant to Rule 5 of the Federal Rules of Appellate Procedure, for the reasons set forth in the Motion to Certify Judgment for Appeal Pursuant to 28 U.S.C. §1292, which was filed on March 1, 2013. [Doc. No. 81, 81-1, 81-2, Exhibit 1, in globo, attached and incorporated herein by reference]. Defendants, LaSalle Management Company, L.L.C., Warden Pat Book, Lieutenant Book, Former Sheriff Ronnie Book, Misty Cowart, and Sheriff James Glen Kelly, also pray for all other just and equitable relief.

Respectfully submitted:

PROVOSTY, SADLER, deLAUNAY
FIORENZA & SOBEL, APC


By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
JEREMY C. CEDARS (#27992)
jcedars@provosty.com
P.O. Drawer 1791
Alexandria, LA 71309-1791
P:318/445-3631 F: 318/445-9377

ATTORNEYS FOR DEFENDANTS,
LaSALLE MANAGEMENT COMPANY, L.L.C.
WARDEN PAT BOOK, LIEUTENANT BOOK,
SHERIFF JAMES GLEN KELLY, FORMER
SHERIFF RONNIE BOOK and MISTY COWART


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

J. Christopher Alexander, Sr., Esq.          Timothy R Richardson
3751 Government Street, Suite "A"            Usry Weeks & Matthews
Baton Rouge, LA 70806                        1615 Poydras St Ste 1250
P: 225-761-9456   F: 225-761-7899            New Orleans, LA 70112
chris@jcalaw.us                              P: 504-592-4600   F: 504-592-4641
                                             trichardson@uwmlaw.com

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants: None.


/s/ H. Bradford Calvit
H. BRADFORD CALVIT

# TAB 3

RECEIVED
IN ALEXANDRIA, LA

JUL - 9 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

KENT RADER,
    Plaintiff

CIVIL ACTION
NO. 1:09-CV-01872

VERSUS

MISTY COWART, et al.,
    Appellee

JUDGE JAMES T. TRIMBLE
MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Kent Rader ("Rader") on October 30, 2009, and amended on November 20, 2009 (Doc. 5). The named defendants are Misty Cowart ("Cowart")(an LPN employed at the Catahoula Corrections Center ("CCC") in Harrisonburg, Louisiana), the Louisiana Department of Public Safety and Corrections ("LADPSC"), Ronnie Book, both individually and in his official capacity as the former Catahoula Parish Sheriff, the Catahoula Parish Police Jury ("CPPJ"), LaSalle Management Co., LLC (the private operator of the Catahoula Corrections Center), Lieutenant Book, and James Glen Kelly, both individually and in his official capacity as the current Catahoula Parish Sheriff (elected November 17, 2007).

Rader alleges that, while he was confined in the Catahoula Corrections Center in October 2007 through 2009, he was denied

medical care for ocular histoplasmosis by LPN Cowart and LaSalle Management, whom he contends were deliberately indifferent to his serious medical needs.[1]  Rader contends that, as a result of the

---

[1] Rader alleges in his complaint that he began having eye pain and vision problems in October 2007, which he went to the infirmary for several times between October 2007 and January 2008.  Rader further alleges that, in January 2008, Lt. Book directed LPN Cowart to send Rader to an eye doctor, so he was taken to Huey P. Long Medical Center on January 18, 2008.  Rader alleges that, over the following ten months, Cowart prevented Rader from returning to the eye doctor, despite his increasing pain and vision problems.  Rader contends in his complaint that LPN Cowart stated several times, "Since I have been here, I have killed eight people [by denying or delaying medical treatment].  Imagine how many more I could kill before I retire."  Rader contends she denied and delayed his medical care in furtherance of her "morbid goal," and at the request of LaSalle Management in order to cut costs and increase profits at the CCC.

Rader father contends in his complaint that, in October 2009, Cowart went on maternity leave and was replaced by Officer Stott, who quickly arranged for Rader to obtain the treatment he had been prescribed in January 2008.  Rader alleges he was sent to Dr. Taba and Dr. Mindeola, both specialists, who diagnosed ocular histoplasmosis and advised him he had permanent vision loss due to lack of treatment; normally, ocular histoplasmosis is completely curable if treated timely.  Rader contends he began his treatment, which consisted of an injections into each eye every six weeks.  However, when Cowart returned to her post from maternity leave in January 2009, she cancelled his treatments; Rader was unable to resume his treatments until after he was released from incarceration in May 2009.  As a result, Rader contends he is permanently blind in his left eye and has significant, permanent loss of vision in his right eye.

Rader further contends that, during this time, the CCC policy, promulgated and implemented by Sheriff Ronnie Book and Sheriff Kelly, was to offer any inmate who filed an ARP a choice between withdrawing the ARP or being physically assaulted and sprayed with Mace.

Rader also contends that the denial of medical care by Cowart was part of a plan or scheme implemented by LaSalle Management and the other defendants to save money.  Rader alleges that the wardens were aware that LaSalle Management was not providing custodial detention which meets the minimum standards required by the Eighth Amendment.  In the alternative, Rader

2

lack of medical care, he has permanently lost vision.  Rader

alleges both Eighth Amendment and state law claims, including

intentional infliction of emotional distress.  For relief, Rader

asks for monetary damages, attorney fees, interest, and costs.  At

the time of filing this suit, Rader was no longer incarcerated.

Defendant Kelly has not yet been served or waived service (see

Doc. 14).[2]  The other defendants answered the complaint (Docs. 10,

12, 16).   Cowart, Pat Book, Ronnie Book, Lt. Book and LaSalle

Management filed a motion to dismiss (Doc. 18); Rader filed a brief

in opposition (Doc. 26) and plaintiffs filed a reply brief (Doc.

31).  The CPPJ filed a motion for summary judgment (Doc. 20); Rader

filed a brief in opposition (Doc. 27) and the CPPJ filed a reply

brief (Doc. 28).  The LADPSC also filed a motion to dismiss (Doc.

24), which is unopposed.

### 1.  LADPSC Motion to Dismiss

The LADPSC filed a motion to dismiss Rader's suit for lack of

---

alleges that LaSalle Management, as Cowart's employer, was aware
of Cowart's misconduct and did nothing to stop it, and is liable
to Rader
under state law pursuant to the doctrine of respondeat superior.
Rader also alleges the wardens were aware of Cowart's misconduct
and effectively ratified it.

[2] A successor sheriff may be held liable in his *official*
capacity for the torts for which his predecessor in office was
liable in his official capacity.  Riley v. Evangeline Parish
Sheriff's Office, 94-0202 (La. 4/4/94), 637 So.2d 395, citing
Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669, 671
(La. 1981).  Also, Burge v. Parish of St. Tammany, 187 F.3d 452,
470 (5th Cir. 1999).

3

subject matter jurisdiction (Doc. 24).    Rader has not filed an
opposition to that motion.

A motion to dismiss for failure to state a claim upon which
relief can be granted is generally viewed with disfavor and rarely
granted.    Tanglewood East Homeowners v. Charles-Thomas, Inc., 849
F.2d 1568, 1572 (5th.Cir. 1988); Doe v. U.S. Dept. of Justice, 753
F.2d 1092, 1101 (D.C.Cir. 1985).    For the purposes of such a
motion, the factual allegations of the complaint must be taken as
true, and any ambiguities must be resolved in favor of the pleader.
Doe, 753 F.2d at 1101.    A motion to dismiss an action for failure
to state a claim admits the facts alleged in the complaint, but
challenges plaintiff's right to relief based upon those facts.
Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995).    In particular,
a complaint should not be dismissed for failure to state a claim
unless it appears beyond a doubt that the plaintiff can prove no
set of facts in support of his claim which would entitle him to
relief.  Hirras v. National Railroad Passenger Corp., 10 F.3d 1142,
1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114
S.Ct. 2732 (1994); Doe, 753 F.2d at 1102.    On a motion to dismiss,
it is presumed that general allegations embrace the specific facts
that are necessary to support the claim.  National Organization for
Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994),
citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct.
2130, 2137 (1992).

4

The Eleventh Amendment to the U.S. Constitution bars all suits in law or equity against an unconsenting state. The Fifth Circuit has established six factors for determining whether a particular entity is entitled to Eleventh Amendment immunity: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity exercises; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. Neuwirth v. Louisiana State Board of Dentistry, 845 F.2d 553, 556 (5th Cir. 1988).

It has already been held that the Louisiana Department of Public Safety and Corrections is an arm of the State of Louisiana and is entitled to Eleventh Amendment immunity.   Anderson v. Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985).  See also, Loya v. Texas Dept. of Corrections, 878 F.2d 860 (5th Cir. 1989). Therefore, the LADPSC's unopposed motion to dismiss should be granted.

### 2. Motion for Summary Judgment by CPPJ

The CPPJ filed a motion for summary judgment (Doc. 20) contending it did not own the CCC building during the relevant period and does not own it now, did not employ or have custody of anyone at the CCC, and  did not operate the CCC.

5

USCA5 236

Rule 56 of the Federal Rules of Civil Procedure mandates that

a summary judgment:

> "shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions
> on file, together with the affidavits, [submitted
> concerning the motion for summary judgment], if any, show
> that there is no genuine issue as to any material fact
> and that the moving party is entitled to judgment as a
> matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported
> as provided in this rule, an adverse party may not rest
> upon the mere allegations or denials of the adverse
> party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must
> set forth specific facts showing that there is a genuine
> issue for trial.    If the adverse party does not so
> respond, summary judgment, if appropriate, shall be
> entered against the adverse party."

Local Rule 56.2W (formerly 2.10W) also provides that all

material facts set forth in a statement of undisputed facts

submitted by the moving party will be deemed admitted for purposes

of a motion for summary judgment unless the opposing party

controverts those facts by filing a short and concise statement of

material facts as to which that party contends there exists a

genuine issue to be tried.    In this regard, the substantive law

determines what facts are "material." A material fact issue exists

if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party.  However, the mere existence of a

scintilla of evidence in support of the plaintiff's position will

be insufficient to preclude summary judgment; there must be

6

evidence on which the jury could reasonably find for the plaintiff.
Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906,
120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is
no genuine issue of material fact, the nonmovant must then direct
the court's attention to evidence in the record sufficient to
establish the existence of a genuine issue of material fact for
trial.    In this analysis, we review the facts and draw all
inferences most favorable to the nonmovant.    Herrera v. Millsap,
862 F.2d 1157, 1159 (5th Cir. 1989).    However, *mere conclusory
allegations are not competent summary judgment evidence, and such
allegations are insufficient, therefore, to defeat a motion for
summary judgment*.    Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th
Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82(1992).

Under Louisiana law, the police jury is required to provide a
good and sufficient jail, La. R.S. 33:4715, and to be responsible
for the physical maintenance of all parish jails and prisons, La.
R.S. 15:702, and to pay all expenses incurred in "the arrest,
confinement, maintenance and prosecution of persons accused or
convicted of crimes, La. R.S. 15:304.    The Police Jury has no
responsibility over the daily operation of the jail.    The
administration of the jails is the province of the sheriff.
O'Quinn v. Manuel, 773 F.2d 605, 609 (5th Cir. 1985).    Also, Amiss
v. Dumas, 411 So.2d 1137, 1141 (La. App. 1st Cir. 1982), writ den.,

7

415 So.2d 940 (La. 1982). One of the operating expenses for which the police jury is responsible is the expense for providing medical care to the prisoners. Southwest Louisiana Hospital Ass'n v. Hunt, 551 So.2d 818, 820 (La. App. 3d Cir. 1989), writ not considered, 556 So.2d 1256 (La. 1990).

In the case at bar, the CPPJ submitted an affidavit by Pattie Mizell, the CPPJ secretary/treasurer, who simply states that CPPJ does not own the CCC building, did not maintain or insure the CCC, and did not employ any one to work there or have custody of the inmates there (Doc. 20, Ex. A). The CPPJ shows the same thing again in a statement of undisputed facts (Doc. 20).

Although the CPPJ contends it did not own, maintain, or operate the CCC, it does not show who did own CCC and for how long, and who paid for the operating expenses of CCC.[3] Since the police jury is legally responsible for providing a jail facility and paying for the operating expenses, the CPPJ cannot absolve itself of its legal responsibility with a bald denial of responsibility. At the least, the CPPJ needs to demonstrate to the court how it absolved itself of its legal responsibility.

CPPJ also argues that, since operating expenses are not an issue in this case, it would be entitled to a dismissal even if it was responsible for providing operating expenses. However, Rader

---

[3] LaSalle Management contractually undertook to operate the CCC, but did not own the CCC facility.

8

has clearly alleged an unconstitutional policy for denial of medical care in order to reduce expenses and save money. If CPPJ is legally responsible for the operating expenses of CCC, then Rader has stated a claim against CPPJ for implementing a policy which resulted in the denial of his Eighth Amendment right to medical care.

As plaintiff points out, discovery has not been completed in this case. There is simply not enough information in the record on which the court can render a summary judgment on this issue. Therefore, the CPPJ's motion for summary judgment should be denied at this time.

### 3. Motion to Dismiss by LaSalle Management, LPN Cowart,

#### Lt. Book, Warden Book and Sheriff Book

Defendants Cowart, Book, Book and Kelly filed a motion to dismiss this action as untimely.

Section 1983 actions in Louisiana are governed by a one year prescriptive period. La.C.C. art 3492; Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938 (1985); McGregor v. LSU Bd. of Supervisors, 3 F.3d 850, 864 (5th Cir. 1993), cert. den., 510 U.S. 1131, 114 S.Ct. 1103 (1994). This prescriptive period commences to run from the date injuries or damages are sustained, Washington v. Breaux, 782 F.2d 553, 554 (5th Cir. 1986) or, under the doctrine of contra non valentum, from the time the plaintiff knew or could reasonably have known he had a cause of action, McGregor, 3 F.3d at 865. Also,

9

Corsey v. State Dept. of Corrections, 375 So.2d 1319, 1322 (La.
1979). The continuing violation theory provides that where the
last act alleged is part of an ongoing pattern of unconstitutional
conduct and occurs within the filing period, allegations concerning
earlier acts are not time-barred. McGregor, 3 F.3d at 866.

    Under the continuing violation theory, a plaintiff is relieved
of establishing that all of the alleged discriminatory conduct
occurred within the actionable period, if the plaintiff can show a
series of related acts, one or more of which falls within the
limitations period. Pegram v. Honeywell, Inc., 361 F.3d 272, 279
(5th Cir. 2004). To find a continuing violation, the court must
consider whether the discriminatory acts involve the same type of
discrimination, the frequency of the acts, and whether the acts
involve a degree of permanence which should trigger an employee's
awareness and duty to assert his or her rights. Berry v. Bd. of
Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir.
1983). As the Fifth Circuit has stated: "The end goal of the
continuing violation theory is to accommodate plaintiffs who can
show that there has been a pattern or policy of [unconstitutional
acts] continuing from outside the limitations period into the
statutory limitations period, so that all of the [unconstitutional]
acts committed as part of this pattern or policy can be considered
timely.'" Pegram, 361 F.3d at 279, and cases cited therein.

    Defendants contend that, according to Rader's allegations, his

10

eye problems were diagnosed at Huey P. Long Medical Center in January 2008, he was then denied prescribed medical care by Cowart for ten months, until Officer Stott arranged for him to have medical care in October 2008, and this suit was filed on October 30, 2009. Defendants contend Rader's action is untimely, since he knew he needed denied medical care from January 2008 until he received medical care in October 2008, but did not file a suit until October 30, 2009.

However, Rader also alleged in his complaint that he began having eye pain and discomfort and vision problems in October 2007, for which he went to the infirmary for several times between October 2007 and January 2008 without receiving medical care. Rader further alleged that, after Cowart returned from maternity leave in January 2009, she again stopped Rader's treatments and Rader was unable to resume his treatments until after he was released from incarceration in May 2009. Rader has clearly alleged a pattern of conduct for denial of medical care for Rader's eye disease by LPN Cowart which constitutes an ongoing violation. The ultimate result of the denial of medical care was the permanent loss of vision; that injury was continuing until Rader's medical treatment was completed and further vision loss effectively prevented.

Therefore, assuming the facts alleged in Rader's complaint are true for purposes of this motion, Rader has alleged an ongoing

11

violation by defendants from October 2007 through May 2009. Since, pursuant to the doctrine of continuing violation, the latest date Rader's complaint could be filed was May 2010 and it was filed on October 30, 2009, his complaint was filed within the one year limitations period. The motion to dismiss for untimeliness filed by Cowart, Warden Book, Lt. Book, Sheriff Book, and LaSalle Management should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the motion to dismiss filed by the Louisiana Department of Public Safety and Corrections be GRANTED and that Rader's action against the Louisiana Department of Public Safety and Corrections be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the motion for summary judgment filed by the Catahoula Parish Police Jury be DENIED.

IT IS FURTHER RECOMMENDED that the motion to dismiss filed by Cowart, Warden Book, Lt. Book, Sheriff Book, and LaSalle Management be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response

12

or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 9th day of July, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

USCA5 244

# TAB 4

RECEIVED
IN ALEXANDRIA, LA.
SEP 0 2 2010
TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| KENT RADER | CIVIL ACTION NO. 09-1872 |
|---|---|
| VERSUS | JUDGE TRIMBLE |
| MISTY COWART, ET AL. | MAGISTRATE JUDGE KIRK |

## J U D G M E N T

Before the court is are various dispositive motions filed by defendants in the above captioned case. These motions were referred to U.S. Magistrate Judge James D. Kirk for issuance of report and recommendation pursuant to this court's Standing Order 3.211. The magistrate judge issued the requested report and recommendation on July 9, 2010 and, therein, allowed a delay of fourteen (14) days from the date of its issuance during which the parties may file written objections. Additionally, the magistrate judge allowed the parties another fourteen (14) days after the filing of any such objections during which to file responses to any objections filed.[1] The delays for all such filings having now lapsed, we find the record complete as to these issues and, therefore, address the pending motions below.

The magistrate judge's report and recommendation recommends that the motion to dismiss for lack of subject matter jurisdiction filed by the Louisiana Department of Public Safety and Corrections "LADPSC")[2] be granted on the basis that the magistrate judge concurs with LADPSC's

---

[1]R. 33.

[2]R. 24.

1

argument that it is considered an "arm of the state" for purposes of the Eleventh Amendment to the

U.S. Constitution and, under that amendment, is immune from suit in federal court.[3]   Having

reviewed the entire record in this case, noting the absence of objections as to this portion of the

report and recommendation, and concurring with the magistrate judge's findings under applicable

law, it is hereby

    **ORDERED, ADJUDGED** and **DECREED** that the motion to dismiss for lack of subject

matter jurisdiction is **GRANTED** and, accordingly, all claims against LADPSC by plaintiff in the

above captioned case are **DISMISSED** without prejudice for lack of subject matter jurisdiction,

reserving unto plaintiff the right to file suit against LADPSC in an appropriate state court, if desired.

    The magistrate judge's report and recommendation also recommends that the motion for

summary judgment filed by defendant Catahoula Parish Police Jury ("CPPJ") be denied on the basis

that a genuine issue of material fact exists as to whether or not CPPJ owns and/or is responsible for

operating expenses, including prisoner medical care expenses of Catahoula Corrections Center

("CCC").[4]  CPPJ filed written objection to the report and recommendation, arguing that it had proven

that CPPJ is not the owner of the CCC and is not responsible for operating expenses at that facility

and, given that ownership of CCC is the sole basis for plaintiff's claim against CPPJ, its motion for

summary judgment should be granted.[5]

    The court has reviewed the entire record, including CPPJ's objection, and finds that the

magistrate judge's reasoning does not conform to applicable jurisprudence conclusively establishing

---

    [3]R. 33 at pp. 3-5.

    [4]R. 33 at pp. 5-9.

    [5]R. 34.

2

that a police jury, though statutorily charged with providing a jail under La. R.S. 33:4715, has no

legal duty with respect to the daily operation or management of that jail.[6]  As cited by CPPJ in its

objection, the decision of the Louisiana Third Circuit Court of Appeal in Southwest Louisiana

Hospital Association v. Hunt rested on the police jury's statutory obligation to provide funding and

did not impose a legal duty on the police jury in that case beyond its role as guarantor of operating

expenses.[7]  Accordingly, we agree with CPPJ that, even if the prison at issue were deemed a parish

prison, a fact contested by CPPJ, plaintiff would still not have a cause of action against CPPJ for

deprivation of medical care in this case.  Based on these findings it is hereby

　　　ORDERED, ADJUDGED and DECREED that the motion for summary judgment filed by

the Catahoula Parish Police Jury[8] is GRANTED in all respects and, accordingly, all claims by

plaintiff against Catahoula Parish Police Jury in the above captioned suit are DISMISSED with

prejudice.

　　　The magistrate judge's report and recommendation recommends that the motion to dismiss

filed by defendants Pat Book, Ronnie Book, Misty Cowart, and LaSalle Management Co., LLC be

denied on the basis that these defendants are not entitled to dismissal based on the defense of

prescription. Specifically, the magistrate judge found that the theory of continuing violation applied

to plaintiff's claims of inadequate medical treatment and, thus, his October 2009 suit was timely.[9]

---

　　　[6]O'Quinn v. Manuel, 773 F.2d 605 (5th Cir. 1985); Quatroy v. Jefferson Parish Sheriff's
Office, 2009 WL 1380196 (E.D. La. 2009); Wood v. Maryland Cas. Co., 355 F. Supp. 436 (W.D.
La. 1971).

　　　[7]551 So.2d 818 (La. App. 3 Cir. 1989).

　　　[8]R. 20.

　　　[9]Id. at pp. 9-12.

3

Defendants filed objections to the magistrate judge's report and recommendation, arguing that continuing tort theory was inappropriately applied to the facts of this case. Defendants assert that Fifth Circuit jurisprudence rejects the application of continuing tort theory to due process claims, citing McGregor v. Louisiana State University, 3 F.3d 850 (5th Cir. 1993).

We agree with defendants that continuing violation theory is inapplicable in this case under Fifth Circuit jurisprudence such as McGregor and the cases cited therein, but still find that defendants' motion should be denied. As cited by defendants, a cause of action under 42 U.S.C. § 1983 generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action.[10] Plaintiff's suit is based on permanent, irreversible injury to his vision which is alleged to have resulted from denial of medical treatment by defendants. Thus, the court must determine when plaintiff knew or should have known that the denial of medical treatment was causing or had resulted in the permanent loss of vision which is the subject of this complaint.

Plaintiff's complaint clearly asserts that he was informed, during a visit to Doctors Taba and Mindeola in November or December of 2008, for the first time that his vision was impaired by a condition known as ocular histoplasmosis which would have been curable if treated timely.[11] Plaintiff asserts that he was informed during this visit that, as a result of the delay in treatment, his vision loss was permanent and irreversible.[12] While plaintiff requested medical attention for his vision problems as early as 2007, the record before the court supports a finding that plaintiff was apprised of his diagnosis and of the effect of delayed treatment much later. Defendants offer no

---

[10]Lavellee v. Listi, 611 F.2d 1129 (5th Cir. 1980).

[11]R. 1 at ¶¶ 40 - 42.

[12]Id.

4

evidence that plaintiff was aware of his diagnosis at any point prior to November or December of 2008. Were plaintiff able to diagnose and treat his own medical condition, any alleged deprivation by defendants would be moot. We do not impose that burden on plaintiff in these proceedings.

Louisiana's one year prescriptive period under La. Civ. C. Art. 3492 applies to suits under 42 U.S.C. § 1983 alleging constitutional violations by Louisiana state officials.[13] Accordingly, we find that plaintiff's cause of action based on injury to his vision accrued no later than December 31, 2008. Plaintiff's suit, filed October 30, 2009, is timely. Accordingly, it is hereby

**ORDERED** that defendants' motion to dismiss is **DENIED** on the basis that this court finds that plaintiff's suit was filed within the applicable one year prescriptive period which began to run on December 31, 2009 at the latest, as the evidence before the court demonstrates that on such date, plaintiff acquired knowledge of his claim.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 2 day of September, 2010.

_____
**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[13]La. Civ. C. Art. 3492; Moore v. McDonald, 30 F.3d 616 (5th Cir. 1994); Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989).

5

# TAB 5

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK      UNITED STATES DISTRICT COURT
DATE  12 / 12 / 12
     ∂DB        WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

KENT RADER,                         CIVIL ACTION
     Plaintiff                      SECTION "P"
                                    NO. 1:09-CV-01872

VERSUS

MISTY COWART, et al.,               JUDGE JAMES T. TRIMBLE
     Appellee                       MAGISTRATE JUDGE JAMES D. KIRK


                REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

        Before the court is a civil rights complaint filed pursuant to

42 U.S.C. § 1983 by plaintiff Kent Rader ("Rader") on October 30,

2009, and amended on November 20, 2009 (Doc. 5).    The named

defendants are Misty Cowart ("Cowart")(an LPN employed at the

Catahoula Corrections Center ("CCC") in Harrisonburg, Louisiana),

the Louisiana Department of Public Safety and Corrections

("LADPSC"), Ronnie Book (both individually and in his official

capacity as the former Catahoula Parish Sheriff), Warden Pat Book,

the Catahoula Parish Police Jury ("CPPJ"), LaSalle Management Co.,

LLC (the private operator of the Catahoula Corrections Center),

Lieutenant Book, and James Glen Kelly (both individually and in his

official capacity as the current Catahoula Parish Sheriff).[1]

_____

        [1] A successor sheriff may be held liable in his *official*
capacity for the torts for which his predecessor in office was
liable in his official capacity. Riley v. Evangeline Parish
Sheriff's Office, 94-0202 (La. 4/4/94), 637 So.2d 395, citing
Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669, 671

Rader alleges that, while he was confined in the Catahoula Corrections Center in October 2007 through 2009, he was denied medical care for ocular histoplasmosis by LPN Cowart and LaSalle Management, whom he contends were deliberately indifferent to his serious medical needs.    Rader contends that, as a result of the lack of medical care, he has permanently lost vision.    Rader alleges both Eighth Amendment and state law claims, including intentional infliction of emotional distress.    For relief, Rader asks for monetary damages, attorney fees, interest, and costs.    At the time of filing this suit, Rader was no longer incarcerated.

The defendants answered the complaint (Docs. 10, 12, 16, 47). The motion to dismiss filed by Cowart, Pat Book, Ronnie Book, Lt. Book, and LaSalle Management was denied (Doc. 18, 39).    The motion for summary judgment filed by the Catahoula Parish Police Jury was granted (Doc. 20, 39), and the motion to dismiss filed by the Louisiana Department of Public Safety and Corrections was granted (Docs. 24, 39).

Cowart, Pat Book, Ronnie Book, Lt. Book, LaSalle Management, and Kelly next filed a motion for summary judgment (Doc. 54), to which Rader filed a response in opposition (Doc. 56), and defendants filed a reply (Doc. 61).

Defendants' motion for summary judgment is filed solely on the

_____

(La. 1981).    Also, <u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 470 (5th Cir. 1999).

2

ground of prescription.   However, in his ruling on defendants'
motion to dismiss, the district judge held that Rader's cause of
action based on injury to his vision accrued no later than December
31, 2008, and therefore his action, filed on October 30, 2009, was
filed timely (Doc. 39).   The defendants are re-urging in their
motion for summary judgment an issue the district court has already
ruled on.

According to the doctrine of collateral estoppel, or issue
preclusion, "when an issue of ultimate fact has once been
determined by a valid and final judgment, that issue cannot again
be litigated between the same parties in any future lawsuit." Ashe
v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194 (1970).   Issue
preclusion or collateral estoppel is appropriate when: (1) the
identical issue was previously adjudicated; (2) the issue was
actually litigated; and (3) the previous determination was
necessary to the decision.   The relitigation of an issue is not
precluded unless the facts and the legal standard used to assess
them are the same in both proceedings.   Pace v. Bogalusa City
School Bd., 403 F.3d 272, 290 (5th Cir.), cert. den., 546 U.S. 933,
126 S.Ct. 416 (2005), citing Southmark Corp. v. Coopers & Lybrand
(In re: Southmark Corp.), 163 F.3d 925, 932 (5th Cir.1999), and
RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1291 (5th Cir.1995).

In the case at bar, the issue of prescription was raised in
defendants' motion to dismiss, litigated, and ruled on by the

3

district court in a final, appealable judgment. Since this issue has already been considered and ruled on in this court, this motion should be denied as repetitive and, pursuant to the principle of issue preclusion, should not be reconsidered in this court.

Therefore, defendants' motion for summary judgment on the issue of prescription should be denied.

### Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. 54) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

4

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ⁄⁄ᵗʰ day of December 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5

USCA5 456

# TAB 6

**RECEIVED**

FEB - 1 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

KENT RADER,
    Plaintiff

CIVIL ACTION
SECTION "P"
NO. 1:09-CV-01872

VERSUS

MISTY COWART, et al.,
    Appellee

JUDGE JAMES T. TRIMBLE
MAGISTRATE JUDGE JAMES D. KIRK

## J U D G M E N T

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (de novo) review of the record including the objections filed herein, and having determined that the findings and recommendation are correct under the applicable law;

IT IS ORDERED that defendants' motion for summary judgment (Doc. 54) is DENIED.

THUS ORDERED AND SIGNED in Chambers at _Alexandria_, Louisiana, on this _1st_ day of _February_, 2013.

JAMES T. TRIMBLE
UNITED STATES DISTRICT JUDGE

USCA5 534

# TAB 7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

**KENT RADER**                      **CIVIL ACTION NO: 1:09-CV-01872**

**VERSUS**                           **JUDGE JAMES T. TRIMBLE, JR.**

**L.P.N. MISTY COWART, ET AL.**      **MAG. JUDGE JAMES D. KIRK**

### MOTION TO CERTIFY JUDGMENT FOR APPEAL
### PURSUANT TO 28 U.S.C §1292

NOW INTO COURT, through undersigned counsel, come Defendants, LASALLE

MANAGEMENT COMPANY, L.L.C., WARDEN PAT BOOK, LIEUTENANT BOOK, SHERIFF

JAMES GLEN KELLY, FORMER SHERIFF RONNIE BOOK AND MISTY COWART, who

respectfully request that this Court certify the Judgment of February 1, 2013, which denied the

Motion for Summary Judgment filed on behalf of Defendants, Lasalle Management Company,

L.L.C., Warden Pat Book, Lieutenant Book, Sheriff James Glen Kelly, Former Sheriff Ronnie Book

and Misty Cowart, as an appealable judgment, subject to the review of the United States Court of

Appeal for the Fifth Circuit pursuant to 28 U.S.C. §1292 for the reasons set forth more fully in the

accompanying Memorandum in Support of Motion to Certify Judgment for Appeal.

WHEREFORE, Defendants, LASALLE MANAGEMENT COMPANY, L.L.C., WARDEN

PAT BOOK, LIEUTENANT BOOK, SHERIFF JAMES GLEN KELLY, FORMER SHERIFF

RONNIE BOOK AND MISTY COWART, pray that the above and foregoing Motion to Certify

Judgment for Appeal Pursuant to 28 U.S.C. §1292 be GRANTED and for all other just and equitable

relief.

Respectfully submitted:

PROVOSTY, SADLER, deLAUNAY
FIORENZA & SOBEL, APC

By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
JEREMY C. CEDARS (#27992)
jcedars@provosty.com
P.O. Drawer 1791
Alexandria, LA 71309-1791
P:318/445-3631 F: 318/445-9377
ATTORNEYS FOR DEFENDANTS,
LaSALLE MANAGEMENT COMPANY, L.L.C.
WARDEN PAT BOOK, LIEUTENANT BOOK,
SHERIFF JAMES GLEN KELLY, FORMER
SHERIFF RONNIE BOOK and MISTY COWART

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of March, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

J. Christopher Alexander, Sr., Esq.
3751 Government Street, Suite "A"
Baton Rouge, LA 70806
P: 225-761-9456  F: 225-761-7899
chris@jcalaw.us

Timothy R Richardson
Usry Weeks & Matthews
1615 Poydras St Ste 1250
New Orleans, LA 70112
P: 504-592-4600  F: 504-592-4641
trichardson@uwmlaw.com

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants: None.

/s/ H. Bradford Calvit
H. BRADFORD CALVIT

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

**KENT RADER**                          **CIVIL ACTION NO: 1:09-CV-01872**

**VERSUS**                              **JUDGE JAMES T. TRIMBLE, JR.**

**L.P.N. MISTY COWART, ET AL.**         **MAG. JUDGE JAMES D. KIRK**

### MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY JUDGMENT
### FOR APPEAL PURSUANT TO 28 U.S.C §1292

**NOW INTO COURT**, through undersigned counsel, come Defendants, LASALLE

MANAGEMENT COMPANY, L.L.C., WARDEN PAT BOOK, LIEUTENANT BOOK, SHERIFF

JAMES GLEN KELLY, FORMER SHERIFF RONNIE BOOK AND MISTY COWART, who

submit the following in support of the Motion To Certify Judgment for Appeal pursuant to 28 U.S.C.

§1292.

### I. INTRODUCTION

The effect of the Judgment of February 1, 2013, adopting the Report and Recommendation

of Magistrate Judge Kirk, is to deny the Defendants the opportunity to have the Motion for Summary

Judgment be heard. Whether a previously filed FRCP 12(b)(6) motion was partially successful or

unsuccessful, plays no role in consideration of a FRCP Rule 56 motion. This can be seen in FRCP

Rule 56 (a), which provides, in pertinent part:

> "the court shall grant summary judgment if the movant shows that there is no genuine
> dispute as to any material fact and the movant is entitled to judgment as a matter of
> law. The court should state on the record the reasons for granting or denying the
> motion."

The above does not provide an exception to the motion for summary judgment standard that

is contingent upon the outcome of a Rule 12(b)(6) motion. Rather, it places an obligation on the

USCA5 537

court to determine whether there is a genuine issue of material fact and whether movants are entitled

to a judgment as a matter of law. Despite the Rule 56 requirements, there has been no decision

addressing the facts raised by Defendants which are that:

1.  Rader knew that it was likely that he had Histoplasmosis in January of 2008. (Doc. No. 54-6, pp. 55-56);

2.  For months and months afterward, he talked to Misty Cowart and asked when was she going to send him to the doctor because he was going blind. (Doc. No. 54-6, p. 56);

3.  Later in his deposition, Rader testified that two doctors, in January of 2008, had two different opinions, one thought he had Histoplasmosis, the other thought he had Macular Degeneration. (Doc. No. 54-6, pp. 91-92); and

4.  On October 22, 2008, it was confirmed that he had Histoplasmosis and treatment began. (Doc. No. 54-6, pp. 104-105).

The Complaint was filed on October 30, 2009. Based upon the above deposition testimony

and the medical evidence, any of the following dates are appropriately used to start the one year

prescription clock:

1.  October, 2007 - Rader wrote a medical request seeking care and treatment for the loss of sight in his left eye. He also verbally reported the medical problem to defendant, Cowart;

2.  From October, 2007 - January, 2008 - Rader continually complained to Cowart about his eyesight loss;

3.  January 16, 2008 - Examined at Huey P. Long Hospital-England Airpark;

4.  January 18, 2008 - Examined at Huey P. Long Hospital-England Airpark and it was determined that it was likely that he had Histoplasmosis, so Rader was referred to a specialist at the LSU Medical Center in Shreveport;

5.  October 20, 2008 - Rader advised Tucker of the facts and circumstances of his problems and Tucker advised him to sue over his medical care and treatment;

2

6.     October 20, 2008 - Rader turned in handwritten request, explaining that he
       was going blind and knew he needed medical care; and

7.     October 22, 2008 - LSU-Shreveport Medical Center confirmed that Rader
       had Histoplasmosis and Rader was told by his doctors that had he received
       earlier initial treatment the outcome would, likely, have been different.

The above described facts, based upon the supporting evidence submitted in support of the

Motion For Summary Judgment, were never reviewed to determine whether there was a genuine

issue of material fact and no ruling was made as to whether the movants were entitled to judgment

as a matter of law.  As cited and discussed below, the denial of a motion for summary judgment is

the proper subject of an appeal to the Fifth Circuit.

## II. LAW & ARGUMENT

28 U.S.C.§1292 sets forth the basis for appealing interlocutory judgments as follows:

(b) When a district judge, in making in a civil action an order not otherwise
appealable under this section, shall be of the opinion that such order involves a
controlling question of law as to which there is substantial ground for difference of
opinion and that an immediate appeal from the order may materially advance the
ultimate termination of the litigation, he shall so state in writing in such order. The
Court of Appeals which would have jurisdiction of an appeal of such action may
thereupon, in its discretion, permit an appeal to be taken from such order, if
application is made to it within ten days after the entry of the order: *Provided,
however,* That application for an appeal hereunder shall not stay proceedings in the
district court unless the district judge or the Court of Appeals or a judge thereof shall
so order.

The statute applies to interlocutory orders/judgments and is not restricted simply to the

certification of questions.  Linton v. Shell Oil Co., 563 F.3d 556 (5ᵗʰ Cir. 2009).  Appeals of

interlocutory decisions are discretionary, but are permitted when a district judge certifies that the

interlocutory order/judgment at issue involves a controlling question of law as to which there is

substantial ground for a difference of opinion and that an immediate appeal from the order may

3

materially advance the ultimate termination of litigation. Commodity Futures Trading Commission

v. Preferred Capital Investment Company, 664 F.2d 1316 (5th Cir. 1982).

Prescription has been held to be an appropriate basis for certification of an interlocutory

judgment for appeal within this circuit. In Bourdais v. City of New Orleans, 2002 WL 562671 (E.D.

La. 2002), the issue was whether prescription was appropriate for the Fifth Circuit to review a denied

summary judgment. In Bourdais, supra., the plaintiffs claimed that there had been reverse

discrimination in the hiring of fire department recruits. The trial judge specifically noted that the

issue for review by the Fifth Circuit was whether the claims of the plaintiffs were time-barred and

that if so, whether the entire case would be dismissed. The key material fact in resolving the

prescription issue was when did the City of New Orleans begin using race and racial quotas as a

basis for hiring in the fire department. The trial judge, granted the certification and wrote:

> "The district court held that the event triggering the prescriptive period for the
> *Bourdais* plaintiffs was the admission in deposition on May 13, 1998, by
> Superintendent McCrossen that he used race and a racial quota system when hiring
> from the 1991 register. However, the district court finds that there is substantial
> ground for a difference of opinion as to whether the fact that the City hired minority
> recruits who scored lower on the written test before hiring Caucasians with higher
> scores from the 1991 register through October 1995, a fact known by all plaintiffs,
> should have alerted the *Bourdais* plaintiffs that their civil rights may have been
> violated. Moreover, a decision in the defendants' favor would put an end to this
> litigation.
>
> Accordingly, for the above and foregoing reasons,
>
> IT IS **ORDERED** that defendants' motion to certify the Court's judgment denying
> defendants' motion for summary judgment on the issue of prescription, rendered in
> open court on December 4, 2001, for immediate interlocutory appeal be and is hereby
> **GRANTED**."
> Bourdais, at p. 3

The principle, that denied summary judgments grounded in the issue of the tolling of

4

prescription are subject to appellate review, stretches back to R.J. Reynolds Tobacco Company v.

Hudson, 314 F.2d 776 (5th Cir. 1963), where the plaintiff developed larynx and vocal cord cancer

as a result of smoking cigarettes. The defendant moved for summary judgment claiming that the

claims were prescribed. The trial court denied summary judgment, but certified the judgment to the

Fifth Circuit. In affirming the trial court's conclusion, the Fifth Circuit wrote:

> The appeal presents serious questions of Louisiana law. If the contentions of the
> tobacco company are correct, the case should be dismissed and judgment granted to
> the defendant as a matter of law. 'It is obvious that (such) a denial may settle a great
> deal.' In the circumstances, we consider that an appeal was properly taken.
> R.J. Reynolds, 314 F.2d at 778.

In this instance, Judge Trimble has denied the summary judgment based upon the Report and

Recommendation of Magistrate Judge Kirk. In the Report and Recommendation, Judge Kirk wrote:

> "Defendants' motion for summary judgment is filed solely on the ground of
> prescription. However, in his ruling on defendants' motion to dismiss, the district
> judge held that Rader's cause of action based on injury to his vision accrued no later
> than December 31, 2008, and therefore his action, filed on October 30, 2009, was
> filed timely (Doc. 39). The defendants are re-urging in their motion for summary
> judgment an issue the district court has already ruled on.

> According to the doctrine of collateral estoppel, or issue preclusion, "when an issue
> of ultimate fact has once been determined by a valid and final judgment, that issue
> cannot again be litigated between the same parties in any future lawsuit."Issue
> preclusion or collateral estoppel is appropriate when: (1) the identical issue was
> previously adjudicated; (2) the issue was actually litigated; and (3) the previous
> determination was necessary to the decision. The relitigation of an issue is not
> precluded unless the facts and the legal standard used to assess them are the same in
> both proceedings.

> In the case at bar, the issue of prescription was raised in defendants' motion to
> dismiss, litigated, and ruled on by the district court in a final, appealable judgment.
> Since this issue has already been considered and ruled on in this court, this motion
> should be denied as repetitive and, pursuant to the principle of issue preclusion,
> should not be reconsidered in this court.

5

USCA5 541

>    Therefore, defendants' motion for summary judgment on the issue of prescription
>    should be denied."
>    (See Doc.# 71) [internal citations omitted].

The Report and Recommendation stated that the ruling on the Motion to Dismiss was a final,

appealable judgment. It further applied the principle of issue preclusion which was adopted in the

Judgment. Accordingly, the Defendants are compelled to have the Judgment of February 1, 2013,

declared to be an appealable judgment in order to seek a review of the Motion for Summary

Judgment on the merits. Certainly, the denial of summary judgment is interlocutory and usually not

immediately appealable. See e.g. Ortiz v. Jordan, __ U.S. __, 13 S.Ct. 884, 178 L.Ed.2d 703 (2011).

However, the Ortiz court concluded that review of the ruling on a summary judgment cannot be

brought before the appellate courts after a trial on the merits. Thus, the only opportunity for review

of this Court's decision, based upon the present record, is a certification of the Judgment of February

1, 2013, to the Fifth Circuit Court of Appeal, as an appealable judgment.

While there is serious question as to whether Judge Kirk's application of issue preclusion/

estoppel is accurate, especially in light of the substantially different standards for summary

judgments pursuant to Rule 56 and a Rule 12(b)(6) Motion To Dismiss[1], the issue of prescription

is certainly ripe for the Fifth Circuit to determine in this matter as set forth in the Bourdais and

R.J.Reynolds cases. The issue of prescription on a failure to provide adequate medical care is an

evolving area of law, as shown in the arguments advanced in the Memorandum in Support of Motion

for Summary Judgment. Certainly, serious issues and arguments were raised to show that the claims

---

[1]

   The Motion to Dismiss was a Rule 12(b)(6) motion decided on the face of the Complaint. No
evidence was introduced in order to convert the Motion to Dismiss into a Motion for Summary Judgment.
(See Docs # 18 and 54). As Judge Kirk noted, issue preclusion is only available if the facts are the same and
the standard of review is the same as the previous motion. That is not the case here.

6

made in the Complaint were prescribed. Thus, a thorough review by the Fifth Circuit can result in

the granting of the motion, which would result in a dismissal, with full prejudice, of all claims.

## CONCLUSION

For the above and foregoing reasons, the Motion to Certify Judgment for Appeal should be

GRANTED and this Court should certify the February 1, 2013, Judgment, which denied the Motion

For Summary Judgment filed by LASALLE MANAGEMENT COMPANY, L.L.C., WARDEN PAT

BOOK, LIEUTENANT BOOK, SHERIFF JAMES GLEN KELLY, FORMER SHERIFF RONNIE

BOOK AND MISTY COWART, as an appealable judgment to the United States Court of Appeals,

Fifth Circuit.

Respectfully submitted:

PROVOSTY, SADLER, deLAUNAY
FIORENZA & SOBEL, APC

By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
JEREMY C. CEDARS (#27992)
jcedars@provosty.com
P.O. Drawer 1791
Alexandria, LA 71309-1791
P:318/445-3631 F: 318/445-9377
ATTORNEYS FOR DEFENDANTS,
LaSALLE MANAGEMENT COMPANY, L.L.C.
WARDEN PAT BOOK, LIEUTENANT BOOK,
SHERIFF JAMES GLEN KELLY, FORMER
SHERIFF RONNIE BOOK and MISTY COWART

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of March, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

J. Christopher Alexander, Sr., Esq.
3751 Government Street, Suite "A"
Baton Rouge, LA 70806
P: 225-761-9456  F: 225-761-7899
chris@jcalaw.us

Timothy R Richardson
Usry Weeks & Matthews
1615 Poydras St Ste 1250
New Orleans, LA 70112
P: 504-592-4600  F: 504-592-4641
trichardson@uwmlaw.com

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants: None.

/s/ H. Bradford Calvit
H. BRADFORD CALVIT

8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| KENT RADER | CIVIL ACTION NO: 1:09-CV-01872 |
|---|---|
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| L.P.N. MISTY COWART, ET AL. | MAG. JUDGE JAMES D. KIRK |

### ORDER

**CONSIDERING THE ABOVE AND FOREGOING** Motion to Certify Judgment for Appeal Pursuant to 28 U.S.C. §1292 filed on behalf of Defendants, LASALLE MANAGEMENT COMPANY, L.L.C., WARDEN PAT BOOK, LIEUTENANT BOOK, SHERIFF JAMES GLEN KELLY, FORMER SHERIFF RONNIE BOOK AND MISTY COWART:

**IT IS HEREBY ORDERED** that the Motion to Certify Judgment for Appeal is hereby GRANTED and that the Judgment of February 1, 2013, which denied the Motion for Summary Judgment filed on behalf of Defendants, LASALLE MANAGEMENT COMPANY, L.L.C., WARDEN PAT BOOK, LIEUTENANT BOOK, SHERIFF JAMES GLEN KELLY, FORMER SHERIFF RONNIE BOOK AND MISTY COWART, is hereby an appealable judgment to the United States Court of Appeals, Fifth Circuit on all issues set forth in the Motion for Summary Judgment.

**THUS DONE AND SIGNED** in Alexandria, Louisiana, on this the _____ day of _____, 2013.

_____
**UNITED STATES JUDGE JAMES T. TRIMBLE, JR.**

# TAB 8

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE ___3 ∕ 4 ∕ 13___

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

**KENT RADER**                                    **CIVIL ACTION NO. 09-1872**

**VERSUS**                                        **JUDGE TRIMBLE**

**MISTY COWART, ET AL.**                          **MAGISTRATE JUDGE KIRK**

## O R D E R

Before the court is defendants' appeal of the magistrate judge's prior ruling denying defendants' motion to strike.[1]  The court has reviewed defendants' appeal and finds that the ruling of the magistrate judge is correct under applicable law and should stand as issued. Accordingly, defendants' appeal is **DENIED**.

Also before the court is defendants' motion seeking certification for appeal regarding this court's denial of their prior motion for summary judgment.[2]  The court finds no cause for the denial of defendants' request and, therefore, it is hereby

**ORDERED** that defendants' Motion to Certify Judgment for Immediate Appeal is **GRANTED** and that the court's prior Judgment of February 1, 2013 denying defendants' Motion for Summary Judgment is hereby certified for immediate appeal pursuant to 28 U.S.C. §1292(b) on the basis that the issues presented in the underlying motion involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

---

[1] Motion to Strike at R. 64; Order denying Motion to Strike at R. 72; Appeal of Magistrate Judge Order at R. 74.
[2] Motion for Summary Judgment at R. 54; Report and Recommendation by Magistrate Judge at R. 71; Judgment adopting Report and Recommendation at R. 80.

1

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this $\underline{14}^{th}$ day of

July, 2012.

_____

**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**

2

**USCA5 560**